# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KURT ZAMOR.,                    )
                               )
            Plaintiff,          )
                               )
    v.                          )        Civ. No. 190760 (UNA)
                               )
MONARCH SHIPPING CO., LTD, *et al.*,  )
                               )
            Defendants.         )

**FILED**

APR 1 7 2019

Clerk, U.S. District & Bankruptc
Courts for the District of Columb

## <u>MEMORANDUM OPINION</u>

The plaintiff is a federal prisoner and, presumably, a citizen of Haiti. He purports to bring this class action lawsuit on behalf of the people of Haiti. The plaintiff alleges that the United States Coast Guard, among others, failed to prevent a vessel, M/V Monarch Empress, from discharging oil-contaminated bilge water directly into the sea while at a Haitian port. Thus, the plaintiff alleges, the defendants are responsible to harm to sea life and human health, for which damages of $30 million are demanded.

Because this *pro se* plaintiff is not a lawyer, he may not represent the interests of any other individual, *see* 28 U.S.C. § 1654, or a class of plaintiffs, *see Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (denying class certification and appointment of the plaintiff as class representative where the plaintiff was "an incarcerated pro se litigant without legal training who is . . . not able adequately to represent the proposed class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[It] it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Ali v. U.S. Parole Comm'n*, 2007 U.S. Dist. LEXIS 20777, at *16 (D.D.C. Mar. 23, 2007) (concluding "that

a *pro se* litigant is not a suitable class representative"), *aff'd*, No. 07-5134, 2007 U.S. App. LEXIS 27270, at *1 (D.C. Cir. Nov. 23, 2007) (per curiam).

Furthermore, it is not clear that the plaintiff demonstrates a valid basis for the Court's jurisdiction. The plaintiff relies on MARPOL, which the Fifth Circuit has described as follows:

> The Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et seq.*, represents Congress' implementation of two related marine environmental treaties to which the United States is a party: the 1973 International Convention for the Prevention of Pollution from Ships and the Protocol of 1978 Relating to the International Convention for the Prevention of Pollution from Ships. Together, these treaties are generally referred to as MARPOL 73/78 ("MARPOL").

*United States v. Jho*, 534 F.3d 398, 401 (5th Cir. 2008); *see United States v. Pena*, 684 F.3d 1137, 1142 (11th Cir. 2012) (describing MARPOL as "the common name for the International Convention for the Prevention of Pollution from Ships, Nov. 2, 1973, as modified by the Protocol of 1978"). An individual "may possess standing under an international law treaty if there is a treaty and it is self-executing." *United States v. Royal Caribbean Cruises, Ltd.*, 11 F. Supp. 2d 1358, 1367 (S.D. Fla. 1998). "MARPOL is not self-executing," *id.* at 1367, however, and it is questionable that the plaintiff has standing to bring a claim under it, *see Haitian Refugee Ctr., Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991) (per curiam) (concluding that "Article 33 [of the 1967 United Nations Protocol Relating to the Status of Refugees] is not self-executing and thus provides no enforceable rights to the Haitian plaintiffs in this case"); *cf. Royal Caribbean Cruises*, 11 F. Supp. 2d at 1367 (declining to "reach the question of whether defendant . . . has standing to litigate its rights under MARPOL).

The Court will grant the plaintiff's application to proceed in forma pauperis and will dismiss the complaint without prejudice. An Order is issued separately.

DATE: April 16, 2019

United States District Judge