UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

MAY 29 2019

Clerk, U.S. District and
Bankruptcy Courts

Kurt Zamor,                          )
                                     )
      Plaintiff,             )
                                     )
v.                                   )   Civil Action No.  19-760 (UNA)
                                     )
Monarch Shipping Co., LTD *et al.*,  )
                                     )
      Defendants.            )

## ORDER

Plaintiff, appearing *pro se*, has timely moved under Fed. R. Civ. P. 59(e) for reconsideration of the Order of dismissal entered on April 18, 2019.  Such motions need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted)).  Plaintiff has made no such showing.

The Court first determined that plaintiff could not bring a class action on behalf of the people of Haiti, Mem. Op. at 1-2 [Dkt. # 4], which plaintiff seeks to cure by proceeding as "the sole plaintiff."  Recon. Mot. at 2.  Plaintiff asserts that the Court "misconstrued the pleadings," insofar as it presumed him to be "a citizen of Haiti."  Mem. Op. at 1.  Plaintiff clarifies that he is "an American Citizen of Haitian descent," Mot. at 1, and he is incarcerated in the United States.  Those facts undermine plaintiff's Article III standing to sue for the "harm to sea life and human health" in Haiti.  Mem. Op. at 1.  *See Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) ("To establish constitutional standing, plaintiffs must have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to the challenged action of

1

the defendant and likely to be redressed by a favorable judicial decision.") (internal quotation marks and citation omitted)).  As the Supreme Court instructs, "[f]or there to be . . . a case or controversy [under Article III], it is not enough that the party invoking the power of the court have a keen interest in the issue. That party must also have 'standing,' which requires, among other things, that it have suffered a concrete and particularized injury." *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013); *cf. Warth v. Seldin*, 422 U.S. 490, 499 (1975) (noting that "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction").  The lack of Article III standing trumps any statutory right plaintiff has proposed.[1]  And the "defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  Accordingly, plaintiff's Motion for Reconsideration [Dkt. # 6] is **DENIED**.

_____
United States District Judge

Date: May 29th, 2019

---

[1] In response to the Court's questioning plaintiff's standing to sue under the international maritime treaty commonly known as MARPOL, *see* Mem. Op. at 2, plaintiff cites *Angelex Ltd. v. United States,* which, confirms that the Act to Prevent Pollution from Ships (APPS) "is a federal statute that implements an international maritime treaty called the International Convention for the Prevention of Pollution from Ships, commonly known as 'MARPOL.'" 272 F. Supp. 3d 64, 67 (D.D.C. 2017); *see* Recon. Mot. at 1. The APPS creates criminal and civil penalties for violations of the MARPOL Protocol, 33 U.S.C. § 1908.  The civil penalties are enforced by "the Secretary of the department in which the Coast Guard is operating" or "the Administrator of the Environmental Protection Agency[.]" *Id.* and §§ 1901(a)(1), (11).  The APPS also provides a private right of action "against any person alleged to be in violation" of the pollution standards, 33 U.S.C. § 1910 (a)(1), but no such action "may be commenced . . . prior to 60 days after the plaintiff has given notice, in writing and under oath, to the alleged violator, the Secretary concerned or the Administrator and the Attorney General[,]" § *id.*, 1910(b)(1).  Nothing suggests that plaintiff has met those conditions in any event.